# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| 1520 SWIFT, LC, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:19-cv-04098-NKL |
| BMMTECH CANADA CORPORATION, | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff 1520 Swift, LC's Motion for Summary Judgment, Doc. 37. Swift brings this motion asserting that it is entitled to judgment as a matter of law as to its breach of contract claim against BMMTech, as well as for BMMTech's remaining counterclaims against Swift. For the reasons set forth below, Plaintiff's motion for summary judgment is granted.

## I.  Facts[1]

Plaintiff 1520 Swift, LC filed suit against defendant BMMTech Canada Corporation for breach of contract, unjust enrichment, and declaratory judgment. Doc. 1 (Complaint). Defendant BMMTech filed its Answer to Plaintiff's Complaint, along with five counterclaims against Swift. Swift filed a motion to dismiss counts I, II, III, and part of count IV of BMMTech's counterclaims, Doc. 23, which was granted. Doc. 36. As of the filing of this order, BMMTech has not responded to Plaintiff's Request for Admission, Interrogatories, or Request for Production of Documents, and

---

[1] In ruling on a motion for summary judgment, the Court must view all facts in a light most favorable to the nonmoving party, and that party receives the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989).

has not responded to Plaintiff's Motion for Summary Judgment.

On March 7, 2018, Swift and BMMTech entered into a Master License and Service Agreement ("MLSA") contract, in which Swift agreed to provide services to maintain a bitcoin mining facility for BMMTech in exchange for payment by BMMTech. Doc. 22 (Defendant's Answer to Complaint), at ¶ 10. The MLSA required BMMTech to pay monthly charges to Swift, and included provisions for late fees for overdue amounts not paid by BMMTech. Doc. 38-1, at ¶¶ 5, 6, 13. The MLSA also provided that a party may terminate the agreement if the other party materially breached the agreement and failed to cure that breach within thirty days of written notice by the other party. *Id.*, at ¶ 7. Once terminated, the BMMTech was liable for "all third party charges incurred by [Swift] arising from such termination," as well as "all unpaid Fees up to the date of termination." *Id.*, at ¶ 8. Additionally, in the event of BMMTech's default or breach, the MLSA stated:

> [Swift] shall have the right, at its option to . . . require that [BMMTech] pay to [Swift], as additional damages . . . (i) an amount equal to the total of any and all discounts given to [BMMTech] in connection with this Agreement, and (ii) an amount equal to one-hundred percent (100%) of the outstanding Service Fees, License Fees and all other amounts payable hereunder including any late fees and a Termination Fee that shall be equal to 65% of the outstanding Service Fees, License Fees and all other amounts payable hereunder that [BMMTech] would have had to pay for the remaining applicable Term of this Agreement.

*Id.*, at 9. Under these circumstances, BMMTech would also be liable for "all costs of collection including, without limitation, attorneys' fees and costs." *Id.*, at ¶ 10. Further, the MLSA stated that BMMTech would be liable to reimburse Swift for all reasonable attorneys' fees incurred by [Swift] in connection with enforcing its rights under this Agreement regardless if any action is commenced." *Id.*, at ¶ 11.

For the term of March 2018 to May 2019, BMMTech made six payments, and has not made any payments since September 2018. *Id.*, at ¶¶ 14–15. On or about November 16, 2018 Swift

notified BMMTech of its outstanding fees and the remedies listed in the MLSA. *Id.*, at ¶¶ 16. Accordingly, on or about October 17, 2018, the MLSA and related service order were terminated. *Id.*, at ¶ 30. Swift now asserts that BMMTech owes Swift over $18,324,616,27 in various outstanding fees as per the MLSA, in addition to additional amounts including attorneys' fees. *Id.*, at ¶ 23.

Additionally, the MLSA provided that BMMTech had to remove its equipment from the facility within 120 days of termination, otherwise ownership of the equipment would transfer to Swift. *Id.*, at ¶ 12. As more than 120 days have passed since the MLSA was terminated, Swift asserts that it is now the rightful owner of this abandoned equipment, and that it may liquidate or dispose of the equipment, and use any money recovered in this way as credit towards BMMTech's outstanding amount due to Swift. *Id.*, at ¶¶ 31–33.

## II.     Discussion

Summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 1774 (2007) (quotation marks and citation omitted). Where a party's fails to contest facts asserted by the movant, a court may "consider the fact undisputed for purposes of the motion" and grant summary judgment if "the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (e)(3).

### A. Plaintiff's Breach of Contract Claim

Under Missouri law, a claim for breach of contract action includes the following elements: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Williams v. Medalist Golf, Inc.*, 910 F.3d 1041, 1045 (8th Cir. 2018) (quoting *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010)).

BMMTech has not responded to Plaintiff's requests for admission nor Plaintiff's motion for summary judgment. Any requests for admission that are not answered or objected to are deemed admitted. Fed. R. Civ. P. 36(a)(3). As admitted, Swift's unanswered requests satisfy each element of its breach of contract claim. *See* Doc. 38-1 (Plaintiff's Request for Admissions to Defendant). Accordingly, Plaintiff is entitled to summary judgment as to its claims against BMMTech.

### B. Defendant's Counterclaims

As to BMMTech's counterclaim for Count IV, under Missouri law a claim for unjust enrichment requires "a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 854 (8th Cir. 2014) (quoting *Hertz Corp. v. RAKS Hospitality, Inc.*, 196 S.W.3d 536, 543 (Mo.Ct.App.2006)). "There can be no unjust enrichment claim, however, where an express contract exists." *Id.* (quoting *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo.Ct.App.2010)). Here, due to the transfer of ownership under the express terms of the MLSA, Swift had not unjustly retained any benefit from BMMTech. Swift cannot be unjustly enriched by something it has a contractual right to own.

As to BMMTech's counterclaim for Count V, under Missouri law a constructive eviction claim requires that a "lessor, by wrongful conduct or by the omission of a duty placed upon him in the lease, substantially interferes with the lessee's beneficial enjoyment of the demised premises." *City of St. Joseph, Mo. v. St. Joseph Riverboat Partners*, 141 S.W.3d 513, 517 (Mo. Ct. App. 2004) (quotation marks omitted). In its counterclaim, BMMTech refers to "the foregoing conduct of Swift" as substantially interfering with BMMTech's beneficial enjoyment of the facility it was using. Doc. 22, ¶ 54. The referenced conduct relates to three other counterclaims brought by BMMTech against Swift. But the Court previously dismissed these three counts, and BMMTech has not otherwise identified any "wrongful conduct" performed by Swift. Without any "wrongful conduct" by Swift, BMMTech's constructive eviction claim fails as a matter of law. Accordingly, BMMTech's counterclaims against Swift fail as a matter of law.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, Doc. 37, is granted.

**IT IS, THEREFORE, ORDERED** that:

1. The remainder of BMMTech's unjust enrichment counterclaim, Count IV, and constructive eviction counterclaim, Count V, are denied with prejudice;

2. Swift is entitled to judgment for pre-judgment damages in the amount of $18,324,616.27;

3. Swift's is entitled to judgment for costs and expenses incurred in bringing this action, including reasonable attorneys' fees for which Swift will submit a calculation of its incurred attorneys' fees; and

4. Swift's is entitled to post-judgment interest, to accrue at the statutory rate of 9% per annum, in accordance with Mo. Rev. Stat. § 408.040.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 27, 2019
Jefferson City, Missouri